**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY TARVIN, FERRIS WILLIAMS, and JAMES THOMPSON,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **CIVIL NO. 09-655-GPM** |
| **BOARD OF EDUCATION OF EAST ST. LOUIS SCHOOL DISTRICT NO. 189, an Illinois Municipal Corporation, and LONZO GREENWOOD, Individually, and in his Official Capacity as President of the Board of Education of East ST. Louis School District No. 189,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court for a hearing on December 21, 2009, on Plaintiffs' Motion for a Preliminary Injunction (Doc. 24). Plaintiffs Anthony Tarvin, Ferris Williams and James Thompson, are seeking declaratory relief and to enjoin and restrain Defendants from refusing to reinstate Plaintiffs to their former positions at their former rates of pay within East St. Louis School District No. 189 (Doc. 24, p. 4). For the reasons outlined below, and for those set forth on the record, Plaintiffs' request for a preliminary injunction (Doc. 24) is **DENIED**.

## BACKGROUND

In April 2009, the Board of Education of East St. Louis School District No. 189 (Board) held elections. (Doc. 4, ¶ 31). Defendant Lonzo Greenwood (Greenwood) and the Board endorsed the

"Greenwood Ticket" of candidates for the election; Plaintiffs, however, did not support the "Greenwood Ticket" (Doc. 4 ¶ 31-33). As a result, Greenwood allegedly accused Plaintiffs of disloyalty (Doc. 4, ¶ 38). Subsequently, at a Board meeting on April 20, 2009, the Board and Greenwood, as Board President, decided to demote Plaintiffs and reduce their salaries (Doc. 4, ¶ 39). Then, in a July 2009 meeting between Greenwood, Tarvin, the East St. Louis Mayor and another precinct committeeman, Tarvin was allegedly offered his job and pay grade back if he would agree to run for office in a different political precinct so that a committeeman of Greenwood's liking could run unopposed. (Doc. 4, ¶ 43).

Plaintiffs allege that Defendants, acting under color of state law, deprived them of First Amendment rights in violation of 42 U.S.C. § 1983 when they demoted Plaintiffs and reduced their salaries in retaliation for Plaintiffs political speech and affiliation (Doc. 4, ¶¶ 44, 45, 58). In Count II of Plaintiffs' complaint, and now by separate motion, Plaintiffs seek a preliminary injunction to have their former positions and salaries restored (Doc. 4, ¶¶ 67-73; Doc. 24). Defendants respond that Plaintiffs have no right to a preliminary injunction, in part, because Plaintiffs cannot demonstrate irreparable harm because they have an adequate remedy at law (Doc. 28, p. 8).

## **ANALYSIS**

"To prevail on a motion for a preliminary injunction, the moving party must first demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l. v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). A plaintiff requesting restoration of salary and benefits pending further court decision faces an uphill battle because "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date … weighs heavily against

a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974), *quoting Va. Petro. Jobbers Ass'n v. Fed. Pwr. Comm.*, 259 F.2d 921, 925 (D.C. Cir. 1958).

Here, Plaintiffs seek to have their titles and salaries restored (Doc. 24, p. 4). Plaintiffs' request therefore "runs head on into the principle that a temporary deprivation of employment does not inflict irreparable injury, and therefore does not justify a preliminary injunction." *Shegog v. Board of Educ.*, 194 F.3d 836, 839 (7th Cir. 1999); *see also E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704 (7th Cir. 2005). "The Court observed in *Sampson* that any diminution of income can be redressed by damages (plus prejudgment interest) at the conclusion of the case." *Shegog*, 194 F.3d at 839. As such, Plaintiffs have not alleged facts sufficient to show that they lack adequate remedies at law, or that a denial of their request for a preliminary injunction would result in irreparable harm.

Plaintiffs attempt to avoid this outcome by arguing that "[the] loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). What constitutes irreparably injury in a case, however, "depends upon the particular facts of that case." *Lasco v. Northern*, 733 F.2d 477, 481 (7th Cir. 1984), *quoting Oburn v. Shapp*, 521 F.2d 142, 151 (3d. Cir. 1975). Notably, *Elrod* involved plaintiffs who were being threatened with immediate discharge for refusing to change their political affiliations. 427 U.S. 347 at 373. In contrast, here, Plaintiffs were demoted and reassigned, allegedly, in response to their *past* political activities. As such, *Elrod* is factually distinguishable. Further, the fact that Plaintiffs waited over three months to file their Motion for Preliminary Injunction, belies their argument that they were suffering the loss of First Amendment freedoms.

**CONCLUSION**

At bottom, not every employment decision invokes First Amendment freedoms, and the relatively drastic remedy of interlocutory reinstatement is rarely appropriate in employment cases. *See Shegog*, 194 F.3d at 839. Plaintiffs therefore have failed to demonstrate that they suffered the loss of First Amendment freedoms or any irreparable harm that would justify the injunctive relief they seek. For the foregoing reasons, and for those set forth on the record at the December 21, 2009 hearing, Plaintiffs' request for a preliminary injunction (Doc. 24) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 04/09/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge