IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY TARVIN, FERRIS WILLIAMS, and JAMES THOMPSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 09-655-GPM ) |
| BOARD OF EDUCATION OF EAST ST. LOUIS SCHOOL DISTRICT NO. 189, an Illinois Municipal Corporation, and LONZO GREENWOOD, Individually, and in his official capacity as President of the Board of Education of East ST. Louis School District No. 189, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on December 21, 2009, for a hearing on Defendants' Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 13). Plaintiffs Anthony Tarvin, Ferris Williams and James Thompson, filed this action under 42 U.S.C. §§ 1983 and 1988 claiming Defendants, Lonzo Greenwood (Greenwood) and the Board of Education of East St. Louis School District No. 189 (Board), demoted them and reduced their salaries in retaliation for Plaintiffs' political and/or union activities in violation of their First Amendment rights (Doc. 4). For the reasons set forth below, the Court grants in part and denies in part the motion.

## BACKGROUND

In April 2009, the Board of Education of East St. Louis School District No. 189 (Board) held elections (Doc. 4, ¶ 31). Defendant Lonzo Greenwood (Greenwood) and the Board endorsed the "Greenwood Ticket" of candidates for the election; Plaintiffs, however, did not support the "Greenwood Ticket" (Doc. 4, ¶ 31-33). As a result, Defendant Greenwood allegedly accused Plaintiffs of disloyalty (Doc. 4, ¶ 38). Subsequently, at an April 20, 2009 Board meeting, the Board and Greenwood, as Board President, decided to demote Plaintiffs and reduce their salaries (Doc. 4, ¶ 39). Then, in July 2009, Defendant Greenwood, Plaintiff Tarvin, the East St. Louis Mayor and another precinct committeeman, allegedly met and Tarvin was offered his job and pay grade back if he would agree to run for office in a different political precinct (Doc. 4, ¶ 43).

Plaintiffs allege that Defendants' actions were taken under color of law (Doc. 4, ¶¶ 45, 58) and were malicious, willful, and in reckless disregard of Plaintiffs First Amendment rights (Doc. 4, ¶ 61). In Count I of their Complaint, Plaintiffs assert that the Board and Greenwood, both in his official and individual capacities, retaliated against them for their political conduct and affiliations in violation of their First Amendment rights under §1983 (Doc. 4, ¶¶ 46-66).

In response, Defendants make three arguments in their Motion To Dismiss. First, Defendant Greenwood argues that the claim brought against him in his official capacity should be dismissed because it is duplicative of Plaintiffs' claim against the Board (Doc. 13, ¶ 2). Next, Greenwood seeks dismissal of the individual capacity claim against him because only the Board is empowered to demote Plaintiffs (Doc. 13, ¶ 3). Finally, the Board moves to dismiss the claim against it because Plaintiffs fail to properly establish liability for the Board under *Monell v. City of New York*, 436 U.S. 658 (1978) (Doc. 14, pp. 4-5).

## ANALYSIS

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must determine whether Plaintiffs have pled facts sufficient to establish "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Under *Iqbal*, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Id.*, *citing Twombly*, 550 U.S. at 556 (emphasis added). Further, other than unsupported legal conclusions, "a court must accept as true all of the allegations contained in a complaint." *Iqbal*, 129 S. Ct. at 1949. Thus, in order to survive this motion to dismiss, Plaintiffs must have pled sufficient facts that, accepted as true, plausibly demonstrate that Defendants retaliated against them in violation of their First Amendment rights under §1983. *Id.*

Plaintiffs concede that their claims against Defendant Greenwood in his official capacity should be stricken under Fed. R. Civ. P. 12(f) because the claims are duplicative of Plaintiffs' claims against the Board (Doc. 16, p. 2). *See McMillian v. Monroe County*, 520 U.S. 781, 785 n.2 (1997). Therefore, all the parties agree that this claim should be dismissed. The Court agrees.

Defendant Greenwood, in his individual capacity, next seeks dismissal of Count I because, he contends, only the Board is empowered to demote Plaintiffs and make employment decisions (Doc. 13, ¶ 3). Greenwood further argues that, under Illinois law, the Board President is merely empowered to preside at Board meetings and perform such actions imposed by law or Board action (105 ILCS 5/10-13) (Doc. 14, p. 4). Nevertheless, courts have held that a supervisor may be subject to individual liability under section 1983 if he directly participates in a constitutional violation. *Levy v. Pappas*, 510 F.3d 755, 763 (7th Cir. 2007); *see also Hafer v. Melo*, 502 U.S. 21, 26 (1991). To

satisfy the requirement of personal involvement, Plaintiffs must allege that Greenwood either directed the alleged constitutional deprivation or it occurred with his "knowledge and consent." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997), *quoting Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994).

Here, Plaintiffs allege that Greenwood, as President of the Board of Education, "engaged in explicit discussions with the Board about plaintiffs' alleged political disloyalty" (Doc. 16, p.4). Further, Plaintiffs allege that Greenwood was a party to an ad hoc meeting where Tarvin was offered his old job and salary back if he agreed to run for office in another political precinct (Doc. 16, p. 3). "Misuse of power, possessed by virtue of a state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic*, 313 U.S. 299, 326 (1941), *quoting* 42 U.S.C. § 1983. Plaintiffs have therefore pled sufficient facts to allow the Court to draw the reasonable inference that Defendant Greenwood acted under color of law when he either directed or knowingly consented to the alleged retaliatory conduct that deprived Plaintiffs of their constitutional rights (Doc. 4, ¶¶ 38, 39 and 43).

The Board moves for dismissal because Plaintiffs fail to allege sufficient facts to establish liability for the Board under *Monell v. City of New York*, 436 U.S. 658 (1978) (Doc. 14, pp. 4-5).

> "[The Board] may be liable for a section 1983 violation if, among other things: (1) it has a permanent and well-settled municipal custom or practice that, although not authorized by official law or policy, was the moving force behind the plaintiff's constitutional injury; or (2) an individual [or an entity] with final policy-making authority for the municipality (on the subject in question) caused the constitutional deprivation."

*Valentino v. Vil. of S. Chicago Heights*, 575 F.3d 664, 674 (7th Cir. 2009); *see also Darchak v. City of Chicago Bd. Of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009). Further, a single incident of unconstitutional activity may be sufficient to establish liability if the activity can be attributed to a

municipal policymaker and his actions were taken in accordance with municipal policy. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). "It is well-established that when a particular course of action is directed by those who set municipal policy, the municipality is responsible under section 1983, even if the action in question is undertaken only once." *Valentino v. Vil. of S. Chicago Heights*, 575 F.3d 664, 675 (7th Cir. Ill. 2009), citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).

In 42 U.S.C. § 1983 cases, the United States Supreme Court has outlined when a single decision or course of action may be enough to establish an unconstitutional municipal policy:

> First, . . . municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered. Second, only those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policymaking authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the city's business.

*St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (citations omitted)(emphasis in original).

Here, the Board is the legislative body for the school district (105 ILCS 5/10-10). Under Illinois law, the Board sets policy on behalf of the District (105 ILCS 5/10-20.5) and makes District employment decisions (105 ILCS 5/10-23.5) (Doc. 14, p. 5). From these facts, it appears the Board itself, when acting through a majority of its members, has final policymaking authority. Plaintiffs have alleged that the Board officially sanctioned or ordered Plaintiffs' demotion and reduction in salaries because of Plaintiffs' alleged political disloyalty (Doc. 4, ¶¶ 39 – 40, 58). Accordingly, the Board's actions — taken pursuant to the policymaking authority granted to them by state law (105 ILCS 5/10-20.5) — may be enough to rightly establish an unconstitutional policy. *See Praprotnik*,

485 U.S. at 127. Thus, Plaintiffs' pleadings allow the court to draw the reasonable inference that the Board may be liable for the alleged retaliatory misconduct.

The foregoing, however, does not complete the Court's analysis. Plaintiffs must still set forth a plausible, prima facie case of retaliatory conduct based improper motives. *Simmons v. Chicago Bd. Of Educ*. 289 F.3d 488, 495 (7th Cir. 2002). To establish a prima facie First Amendment retaliation claim pursuant to 42 U.S.C. §1983, a public employee must show that: (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech caused the employer's action. *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009).[1]

Regarding the first factor, Plaintiffs allege that Defendants retaliated against them because of their political activities. A public employer cannot retaliate against an employee for exercising his First Amendment rights. *Miller v. Jones*, 444 F.3d 929 (7th Cir. 2006). Moreover, a plaintiff's political party affiliation is protected under the First Amendment. *Gunville*, 583 F.3d at 984 (7th Cir. 2009). Thus, Plaintiffs' allegation — that they were retaliated against for supporting political candidates different from those whom Defendants supported — on its face, establishes that their conduct was constitutionally protected.

Regarding the second factor, Plaintiffs allege that Defendants chose to demote Plaintiffs and reduce their salaries because of their political affiliation (Doc. 4). Under §1983, any deprivation

---

[1] In *Gross v. FBL Financial Servs., Inc.*, 129 S.Ct. 2343 (2009), which involved an Age Discrimination in Employment Act (ADEA) claim, the Supreme Court required "but-for" causation for the mixed-motive jury instructions at issue. However, in *Fairley v. Andrews*, a case involving 42 U.S.C. § 1983, the Seventh Circuit Court of Appeals reviewed a grant of summary judgment and found, "the record has evidence from which a reasonable jury could find causation; no more is necessary at this stage, but the instructions at trial must reflect the holding of *Gross*." 578 F.3d 518, 525-26 (7th Cir. 2009). Thus, it appears that the motivating or substantial factor test survives *Gross* and is sufficient to withstand dispositive motions, but a jury must find "but for" causation in order for a plaintiff to establish her prima facie case.

under color of law that would likely deter a person of "ordinary firmness" from exercising First Amendment activity in the future is actionable. *See Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000), *citing Bart v. Telford*, 677 F.2d 622, 624 (7th Cir. 1982); *see also Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

Accepting Plaintiffs' factual allegations as true, as the Court must on a motion to dismiss, it is reasonable to infer that Defendants' alleged conduct (demoting Plaintiffs and reducing their salaries) would likely deter a person of ordinary firmness from exercising First Amendment rights. Thus, Plaintiffs have allowed the Court to draw the reasonable inference that Defendants may be liable for the alleged misconduct.

Regarding the third factor, Plaintiffs must sufficiently demonstrate that their actions caused Defendants' alleged misconduct. For a plaintiff to establish that his protected activities caused the defendant's actions, the plaintiff must show the defendant (1) knew the plaintiff's political affiliation and (2) the plaintiff's speech (or political affiliation) was at least a motivating factor of Defendants' conduct. *Garrett v. Barnes*, 961 F.2d 629, 632 (7th Cir. 1992) (*See supra* note 1).

Here, Plaintiffs allege that Defendant Greenwood accused Plaintiffs of disloyalty (Doc. 4, ¶ 38), and subsequently, the Board and Greenwood held a meeting and decided to demote Plaintiffs and reduce their salaries (Doc. 4, ¶ 39). Defendant Greenwood's accusation of political disloyalty seems to impute knowledge of Plaintiffs' political affiliation. Moreover, the Board's subsequent decision, roughly two weeks after the election, to demote and reduce Plaintiffs' salaries, accompanied by Greenwood's request for Tarvin to run for office in another precinct, plausibly suggests that Plaintiffs' political disloyalty was at least a motivating factor of Defendants' conduct. *See Garrett*, 961 F.2d at 629. As a result, Plaintiffs have pled sufficient facts to establish a prima

facie case of First Amendment retaliation that may have been motivated, at least in part, by constitutionally protected political conduct in violation of § 1983 violation.[2]

## CONCLUSION

For the foregoing reasons, Defendant Greenwood's motion to dismiss the claims against him in his *official capacity* is **GRANTED** (Doc. 13, ¶ 2); Defendant Greenwood's motion to dismiss the claims against him in his *individual capacity* is **DENIED** (Doc. 13, ¶ 3); and the Board's motion to dismiss for failure to state a claim is also **DENIED** (Doc. 13, ¶ 4).

**IT IS SO ORDERED.**

DATED: 04/09/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] At this point, the burden normally would shift to Defendants "to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." *Spiegla v. Hull*, 481 F.3d 928, 943 (7th Cir. 2007) (citation omitted). Defendants, however, do not offer any non-retaliatory motivations for Plaintiffs' demotions in their brief in support of their Motion to Dismiss (*see* Doc. 14). At the hearing on their motion, Defendants argued that, due to fiscal restraints caused by the faltering economy, roughly 20 people were either demoted or let go at the same time that Plaintiffs were demoted. Unfortunately, at this time, the record is insufficiently developed for the Court to determine whether Plaintiffs' demotions were based on legitimate, non-retaliatory motives and, in turn, whether any of these alleged motivations were pretextual.