IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY TARVIN,** ) | |
| **FERRIS WILLIAMS**, ) | |
| and **JAMES THOMPSON,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. **09-655-GPM-CJP** |
| v. ) | |
| ) | |
| **BOARD of EDUCATION of** ) | |
| **EAST ST. LOUIS SCHOOL** ) | |
| **DISTRICT No. 189, and** ) | |
| **LONZO GREENWOOD,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs' Motion to Compel. **(Doc. 34)**. Defendants filed a response in opposition at **Doc. 39**.

Plaintiffs were employed by defendant East St. Louis School District. They allege that defendants demoted them and reduced their salaries because of their political affiliations.

In paragraph 40 of their complaint, plaintiffs allege that "During the Board meeting on April 20, 2009, Greenwood and members of the Board had explicit discussions regarding plaintiffs' political affiliations and alleged lack of political loyalty to Greenwood and the Board, and these discussions were motivating factors behind plaintiffs' demotions and salary reductions."

At issue here is whether defendants must produce the minutes of the executive session of the Board's April 20, 2009, meeting. The minutes were sought in request number 3 of Plaintiffs'

Second Set of Requests for Production.  In response, defendants objected that the executive session minutes are "not yet released under Section 2.06(f) of the Illinois Open Meetings Act, which expressly provides that '[m]inutes of meetings closed to the public shall be available only after the public body determines that it is no longer necessary to protect the public interest or the privacy of an individual by keeping them confidential.'  5 ILCS 120/2.06(f)."

      5 ILCS 120/2.06(f) is a part of the Illinois Open Meetings Act.  The Act requires that public bodies keep written minutes of all meetings, open or closed, and also keep a verbatim record of closed meetings.  However, Section 2.06(f) limits the public availability of the minutes of closed meetings.  Similarly, Section 2.06(e) limits the public availability of the verbatim record.

      Plaintiffs correctly point out that federal common law, not state law, governs the applicability of privilege here.  **Fed.R.Evid. 501**.  Plaintiffs cite two cases, ***Sronkoski v. Schaumburg School District No. 54*, 2009 WL 1940779 (N.D. Ill., July 1, 2009)**, and ***Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447 (N.D.Ill., 2006)**, in which district courts in the Seventh Circuit declined to apply the Section 2.06(f) privilege in litigation similar to the case now before this Court.

      In response, defendants rely on ***Tumas v. Board of Education*, 2007 WL 2228695 (N.D. Ill., July 31, 2007)**, for the proposition that the Section 2.06(f) privilege has been applied in federal court.  Of course, district court decisions are not authoritative precedent for this Court.  See, ***Harzewski v. Guidant Corporation*, 489 F.3d 799, 806 (7th Cir. 2007)**.  *Tumas* is distinguishable in any event, as it primarily concerned the applicability of the deliberative process privilege, and was considering whether the verbatim record had to be produced, as the

minutes had already been turned over.  **See,** ***Tumas, supra*, footnote 1.**

This Court has applied the analytical framework set forth in ***Memorial Hospital v. Shadur*, 664 F.2d 1058, 1061-1062 (7th Cir. 1981)**.  First, this Court recognizes that privileges must be narrowly construed as they operate to exclude relevant information and thus block fact-finding.  In determining whether to recognize a privilege, the Court must consider the factual circumstances of the case and weigh the need for the information against the policy which is furthered by the privilege.  ***Ibid.***

Having carefully weighed the competing interests, this Court concludes that the state law privilege created by Section 2.06(f) should not be applied here.  The need for the information is substantial, and applying the privilege in a case such as this would effectively permit the state to insulate itself from constitutional claims. Courts should be especially cautious "in recognizing a privilege in a federal civil rights action, where any assertion of privilege must overcome the fundamental importance of a law meant to protect citizens from unconstitutional state action." ***Kodish*, 235 F.R.D. at 451-452 (internal citation omitted)**.  As defendants have not raised any other objection to producing the minutes, the motion to compel is granted as to the minutes.

Plaintiffs also state that they recently learned that the April 20, 2009, executive session was tape recorded, and they ask the Court to order defendants to produce the recording as well.  Plaintiffs did not serve a request asking that the recording to be produced.  Rather, they suggest that defendants should have disclosed same as part of their initial disclosures.

On the contrary, defendants were not required to disclose the tape recording in their initial disclosures.  Fed.R.Civ.P. 26(a)(1) requires the disclosure only of materials that a party may use to support its claims or defenses.  Defendants maintain that they could not use the

3

recording to support their defenses because 5 ILCS 120/2.06(e) provides that "Unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, the verbatim record of a meeting closed to the public shall not be open for public inspection or subject to discovery in any administrative or judicial proceeding other than one brought to enforce this Act."

While defendants did not disclose the recording in their initial disclosures, the fact that the executive session of the April 20, 2009, meeting was recorded should come as no surprise to plaintiffs, since the Open Meetings Act requires that a verbatim record be made of closed meetings.  If they have not already done so, plaintiffs may serve a request to produce the verbatim record.  The Court will then determine whether it is discoverable after the issue has been fully briefed.[1]

For the foregoing reasons, plaintiffs' Motion to Compel **(Doc. 34)** is **GRANTED in part**.  Defendants are ordered to produce the minutes of the executive session of the Board's April 20, 2009, meeting.  The minutes shall be produced by **June 11, 2010.**

    **IT IS SO ORDERED.**

    **DATE:  June 1, 2010.**

    <u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendants suggest that the deliberative process privilege would protect the verbatim record. Doc. 39, p. 3.  They have not raised the deliberative process privilege with respect to the minutes of the executive session.