IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY TARVIN, FERRIS WILLIAMS, and JAMES THOMPSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) CIVIL NO. 09-655-GPM |
| BOARD OF EDUCATION OF EAST ST. LOUIS SCHOOL DISTRICT NO. 189, an Illinois Municipal Corporation, and LONZO GREENWOOD, Individually, and in his official capacity as President of the Board of Education of East ST. Louis School District No. 189, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 40) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 50). Defendants filed a response in opposition to both of Plaintiffs' Motions (Docs. 41 and 58). Having carefully considered the papers submitted, the Court rules as follows.

Rule 15 of the Federal Rules of Civil Procedure gives district courts broad discretion to grant leave to amend. *See e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992); *J.D. Marshall, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991). After a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). Indeed, "[t]he Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961). *See also Nat'l Org. for Women, Inc. v. Scheidler*, 267 F.3d 687, 707 (7th Cir. 2001) (citing *United States v. Security Pac. Bus. Credit, Inc.*, 956 F.2d 703, 707-08 (7th Cir. 1992) ("As a general rule, amendments to complaints are liberally allowed up to and even after trial, judgment, and appeal."), *rev'd on other grounds*, 537 U.S. 393 (2003). A trial court, however, may deny a motion for leave to amend where there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). At bottom, "whether an amendment should be granted is a matter committed to the sound discretion of a district court." *Will v. General Dynamics Corp.*, civil no. 06-698 GPM, 2007 WL 3145058, at *1 (S.D. Ill. Oct. 25, 2007).

Here, Plaintiffs seek to amend their Complaint to correct minor factual errors and to assert additional facts and claims regarding alleged violations of the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law, and Illinois Wage Payment and Collection Act. In their first Motion for Leave to Amend, Plaintiffs claim that they discovered records showing that Plaintiffs Ferris Williams and James Thompson were not paid overtime for work they performed for Defendant starting in August 2009 (Doc. 40, ¶ 3). In their second Motion for Leave to Amend, Plaintiffs seek to plead additional facts, learned through discovery, regarding the honorable discharge of Plaintiffs by Defendant Board of Education of East St. Louis School District No. 189 (Board), effective July 1, 2010. In their responses, Defendants claim Plaintiffs' motions are "highly-prejudicial to Defendants" because of undue delay and because the parties have not "conducted any discovery related to such claims" (Doc. 41, ¶ 4 and Doc. 58, ¶ 4).

Defendants' cursory responses are unavailing.  Plaintiffs additional claims concerning overtime are closely related to the claims they asserted in their original Complaint.  Further, while some limited amount of additional discovery may be required, it should not be extensive.  The remainder of Plaintiffs' proposed amendments or corrections simply will bring the pleadings in line with the knowledge gleaned from discovery to date.  As such, Defendants will not be unduly prejudiced by granting Plaintiffs' Motions to Amend, nor has their been any showing of bad faith or undue delay.

In sum, when "justice so requires" leave to file amended pleadings under Rule 15 should be "freely give[n]."  Fed. R. Civ. P. 15(a)(2).  In light of the foregoing, the Court **GRANTS** both of Plaintiffs' Motions for Leave to File Amended Complaints (Docs. 40 and 50).  Plaintiffs are hereby **ORDERED** to file their *First* Amended Complaint on or before Monday, June 14, 2010.[1]

**IT IS SO ORDERED.**

DATED:  06/10/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] Because the Court is now granting both of Plaintiffs' Motions for Leave to Amend simultaneously Plaintiffs should, of course, file only one amended complaint encompassing all of their proposed amendments from both motions.  This includes Plaintiffs' request that Count II be dismissed from the First Amended Complaint in light of this Court's Order Denying Plaintiffs' request for a Preliminary Injunction (*see* Docs. 45 and 30).