IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY TARVIN,** ) | |
| **FERRIS WILLIAMS**, ) | |
| **and JAMES THOMPSON,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No.  **09-655-GPM-CJP** |
| v. ) | |
| ) | |
| **BOARD of EDUCATION of** ) | |
| **EAST ST. LOUIS SCHOOL** ) | |
| **DISTRICT No. 189, and** ) | |
| **LONZO GREENWOOD,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs' Third Motion to Compel.  (**Doc. 49**).  Defendant Greenwood filed a response in opposition at **Doc. 52**.

Plaintiffs were employed by defendant East St. Louis School District.  They allege that defendants demoted them and reduced their salaries because of their political affiliations.  Defendant Greenwood is being sued in his individual capacity.  Plaintiffs are seeking punitive damages against Greenwood.  This motion relates to plaintiffs' discovery requests seeking information about Greenwood's financial status.

The relevant disocvery requests and defendant's objections are attached to Doc. 49 as Exhibit A.  Plaintiffs seek information such as income tax returns for the last four years; detailed information about any source of income to Greenwood since January 1, 2008; detailed information about any interest Greenwood has in real estate, including the fair market value thereof, any efforts to sell the real estate in the last two years, any appraisals in the last five years, and any mortgages or liens.  Plaintiffs also ask for detailed information about all investments owned by Greenwood, all trusts owned by him or of which he is a beneficiary, all

insurance policies, value of personal property, all loans or debts, all assets disposed of in the last two years, and all offers of purchase received for his assets within the last two years. In addition, plaintiffs seek production of all documents associated with these categories of information.

Defendant Greenwood objects that these discovery requests are overly-broad, unduly burdensome, and not reasonable calculated to lead to the discovery of admissible evidence. The Court agrees.

Plaintiffs argue that they are entitled to discover Greenwood's net worth as same is relevant to their claim for punitive damages. Plaintiffs suggest that similar discovery requests are patterned after the model Illinois Matrimonial Interrogatories used in Illinois state courts, but that carries no weight in this case. It is clear that plaintiffs' discovery requests go far beyond an inquiry into Greenwood's current net worth.

Defendant concedes that plaintiffs are entitled to discover his current financial condition. The Court agrees that plaintiffs are entitled to some financial information, but finds that defendant's objection to plaintiffs' discovery requests are well taken.

Plaintiffs' Motion to Compel **(Doc. 49)** is **GRANTED in part and DENIED in part**. The motion is granted as to request for production number 5, in that Greenwood shall produce his federal income tax returns for the years 2008 and 2009 only, by **June 25, 2010.** The motion is denied in all other respects. The Court notes that plaintiffs may inquire into other aspects of Greenwood's current financial condition, such as real estate holdings, other investments, or other sources of income, at his deposition.

**IT IS SO ORDERED.**

DATE: June 16, 2010.            s/ Clifford J. Proud
                                **CLIFFORD J. PROUD**
                                **UNITED STATES MAGISTRATE JUDGE**

2